```
      IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF OKLAHOMA

AMANDA L. CORBETT,              )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. CIV-16-248-RAW-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Amanda L. Corbett (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 57 years old at the time of the ALJ's decision. Claimant obtained her GED and completed one semester of business classes. Claimant has worked in the past as a store clerk, tore stocker, semi-truck driver, clerical worker in a floral shop, clerical worker for a manufacturing shop, data entry clerk for a hospital and for a satellite dish company. Claimant alleges an inability to work beginning June 19, 2009 due to limitations resulting from back pain, hip pain, and stress.

**Procedural History**

On July 23, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. On August 30, 2011, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*). Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on June 12, 2013. The Appeals Council remanded the case on August 6, 2014 to clarify the nature and severity of Claimant's impairments, further evaluate Claimant's mental impairments, and consider Claimant's maximum residual functional capacity ("RFC").

On April 14, 2015, ALJ Deborah Rose conducted a hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in Tulsa, Oklahoma. On July 31, 2015, the ALJ issued an unfavorable decision. On April 13, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential

evaluation. She determined that while Claimant suffered from severe impairments, Claimant retained the RFC to perform less than a full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly adjudicating her Title XVI claim; (2) reaching an improper RFC determination; and (3) making improper findings at step five.

### Consideration of Claimant's Title XVI Claim

In her decision, the ALJ determined Claimant suffered from the severe impairments of bipolar disorder, dependent personality traits, DeQuervain's tenosynovitis, degenerative changes in the lumbar and thoracic spine, and obesity. (Tr. 104). The ALJ concluded that Claimant retained the RFC to perform less than a full range of light work. In so doing, she determined Claimant could lift/carry and push/pull ten pounds frequently and 20 pounds occasionally, stand/walk for six hours in an eight hour workday and sit for six hours in an eight hour workday, could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, could never climb ladders, ropes, or scaffolds, could have no more than occasional exposure to hazards, could frequently but not constantly handle and finger, could perform simple and some complex tasks, could have superficial work-related interaction with others,

and could adapt to a work setting. (Tr. 107).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform her past relevant work but that she could perform the representative jobs of production inspector, mail clerk, and press machine operator, all of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 113). As a result, the ALJ found Claimant was not disabled from June 19, 2009, the alleged onset date, through September 30, 2013, the date last insured. Id.

Claimant contends the ALJ and the Appeals Council failed to adjudicate her Title XVI claim despite being advised of its pendency and request that it be considered together with the Title II claim. This Court lacks jurisdiction to consider this request since our review is limited to the final decision of the Commissioner. 42 U.S.C. § 405(g). A final decision is only reached if the Appeals Council denies review or reviews but issues its separate decision. 20 C.F.R. § 416.1481. Since the Title XVI claim has not been adjudicated, this Court cannot review or consider it in this appeal.[2]

---

[2] This Court notes that Claimant's counsel in his latest series of briefs cites to the administrative record utilizing a citation form which includes the multi-part filing on CM/ECF. In the future, counsel shall reference documents within the administrative record utilizing the traditional Bates page numbering which is provided by Defendant on the filing. The Court is provided a paper copy of the administrative record

**RFC Determination**

Claimant asserts numerous challenges to the ALJ's RFC. She contends the ALJ improperly concluded she could frequently handle and finger due to her diagnosed DeQuervain's tenosynovitis, which she argues causes pain while turning the wrist, grasping, or making a fist.

In October of 2010, Claimant's physical therapist, Loretta R. Sermon, noted Claimant demonstrated an inability to move the wrist while attempting the Finklestein test, but showed normal movement when she was talking. Ms. Sermon told Claimant to discard her splint and use her hand/wrist functionally. (Tr. 543). During this same period, Dr. Raymond P. Cush found Claimant demonstrated "good grip." (Tr. 496).

On February 2, 2012, Claimant underwent a consultative examination by Dr. Ronald Schatzman. Dr. Schatzman diagnosed Claimant with DeQuervain's disease with "well-fitting braces" from the Veterans Administration but concluded Claimant had 5/5 grip strength and was able to perform both gross and fine tactile manipulation. (Tr. 568).

On February 21, 2012, Dr. M. Burke performed a physical RFC assessment on Claimant. He concluded from a review of Claimant's

by Defendant which references the Bates numbering system.

records that she did not experience any manipulative limitations. (Tr. 578).

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The fact DeQuervain's tenosynovitis was diagnosed does not translate into a significant limitations in fingering and handling. The ALJ did not err in finding this condition did not significantly limit Claimant's ability to work.

Claimant also contends the ALJ improperly determined she could stand and walk for six hours in an eight hour workday. She states that standing increases her back pain due to spondylolisthesis of the lumbar and thoracic spines. While Claimant testified that

8

standing and sitting caused her pain, the ALJ discounted her credibility on these limitations. (Tr. 107-08). In his evaluation, Dr. Cush found Claimant's gait was normal without assistive devices, was able to walk on tip toes, heels, and perform tandem walking. (Tr. 497). He noted a finding in a 2007 evaluation of "no limitations in physical activity." He also found "minimal" spondylolithesis of L4/L5 and "minimal" narrowing of disc space at L4-5. (Tr. 496). He concluded that Claimant

> has no documented change in health since she last worked and since last exam. She is able to do ADL's and has good vision, hearing, dexterity and mentation. She should be able to do carrying and lifting and walking, etc w/meds.

(Tr. 497).

In a consultative assessment, Dr. Gerald Dzurik found Claimant could stand and/or walk about six hours in an eight hour workday and sit for about six hours in an eight hour workday. (Tr. 68). Dr. Burke made a similar finding. (Tr. 576). Dr. Schatzman found Claimant's cervical, thoracic, and lumbar spine to be "non-tender with full range of motion." (Tr. 569). The medical record simply does not support the level of limitation in Claimant's ability to stand, walk, or sit she urges.

Claimant states that she suffers from urinary incontinence which requires her to take unscheduled breaks - a limitation not

contained in the ALJ's RFC.  Nothing is referenced in the medical record to support a restriction in Claimant's ability to engage in basic work activities based upon incontinence.

Claimant asserts she has poor concentration and is easily distracted which would interfere with her productivity.  This limitation is supported by the report of Dr. Theresa Horton, a licensed psychologist.  (Tr. 586).  Dr. Horton found Claimant's thought processes to be logical, organized, and goal directed, though her thoughts often appeared to be racing and she became tangential, she responded to prompting for redirection.  She had average intelligence with recall and memory intact.  Claimant had appropriate judgment and fair insight.  (Tr. 585).  Dr. Horton concluded Claimant was capable of understanding, remembering, and managing most simple and complex instructions and tasks.  (Tr. 586).

The ALJ acknowledged Dr. Horton's opinion and gave it "significant weight." He determined that Dr. Horton's findings were consistent with a limitation to simple and some complex tasks, such as those involved in semi-skilled work.  (Tr. 111).  Limitation to simple work encompasses difficulty with concentration. *See* Orso v. Colvin, 658 Fed.Appx. 418, 420 (10th Cir. 2016).  Further limitations in the RFC were not required.

Claimant challenges the ALJ's credibility findings, contending the ALJ offered "paltry justification" for the decision to find

Claimant's testimony not credible. The ALJ cited to significant inconsistencies between the level of restriction to which Claimant testified and the medical evidence. (Tr. 107-111).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or

other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements.  The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### Step Five Findings

Claimant asserts the ALJ should have placed her in the "advanced age" category rather than the "closely approaching advanced age" category.  Claimant was 54 years old on the date she was last insured.  (Tr. 112).  Advanced age is considered by the regulations to be 55 years old.  20 C.F.R. § 404.1563.  The ALJ determined Claimant was more than six months away from turning 55 years old which appropriately placed her in the "closely approaching advanced age" category.  *See* HALLEX 1-2-2-42.  No error is found in the ALJ's consideration of Claimant's age.

Claimant also contends the presence of transferable skills should have been considered in the application of the Medical-Vocational Guidelines.  Transferable skills is not material to the application of the grids under Title II. 20 C.F.R. Part 404, Subpt. P, App. 2, Table No. 2.  The ALJ was correct in not applying the

grids since Claimant could not perform a full range of light work.

Claimant argues the ALJ should not have relied upon the vocational expert's testimony because the hypothetical questioning provided to him did not accurately reflect the totality of Claimant's limitations. As stated, the RFC was supported by substantial evidence. The questioning mirrored the RFC findings such that it was appropriate to rely upon the vocational expert's testimony in reaching her decision.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE